United States Courts
Southern District of Texas
FILED

*November 17, 2023*

Nathan Ochsner, Clerk of Court

United District Court
Southern District of Texas

**ENTERED**

November 17, 2023

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JESSE RODRIGUEZ | § | |
| | § | |
| | § | MISC. ACTION NO. 7:07-MC-35 |
| VS. | § | |
| | § | |
| | § | |
| RISSE OWENS, *et al.* | § | |

## REPORT AND RECOMMENDATION

Petitioner Jesse Rodriguez, a state prisoner proceeding pro se, initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983, along with an application to proceed in forma pauperis. (Docket Nos. 1, 1-1.) Because it appeared that the appropriate vehicle for the relief sought by Petitioner was a petition for habeas corpus pursuant to 28 U.S.C. § 2254, Petitioner was ordered to either pay the $5 filing fee or risk dismissal of this action based on failure to prosecute. (Docket Nos. 2, 6.) Ultimately, Petitioner responded by writing a letter to the Court stating that he no longer intended to prosecute this action. (Docket No. 7.) Thereafter, Petitioner failed to respond to a court order directing him to clarify his intentions. (Docket No. 8.) As discussed below, because it appears that Respondent will not be prejudiced by the dismissal, the undersigned recommends that Petitioner's action be dismissed.

## I. BACKGROUND

On January 5, 1998, Petitioner pleaded guilty to two separate offenses of intoxication manslaughter, and he ultimately received two 14-year sentences for those offenses, to be served concurrently. (Docket No. 4, at 2.) For various reasons, in 2005, 2006, and 2007, the Texas Board of Pardons and Paroles ("Board") denied Petitioner release on Discretionary Mandatory Supervision (DMS). (*Id.*) On June 19, 2007, in response to the Board's denial of DMS, Petitioner filed the instant miscellaneous action. (Docket No. 1-1.)

In his initial pleading, Petitioner appears to attack the Board's decision, arguing that the denial of DMS violated his due process rights as well as his right to equal protection. (Docket No. 1-1, at 4-7; *see also* Docket No. 4, at 3.)  In light of this, the court informed Petitioner that it appeared that he was attempting to file a habeas corpus petition pursuant to 28 U.S.C. § 2254, rather than a civil rights complaint pursuant to 42 U.S.C. § 1983. (Docket Nos. 2, 6.)  As such, Petitioner was informed of his obligations under the Prisoner Litigation Reform Act (PLRA), and he was ordered to either pay the $5 filing fee or submit a properly supported application to proceed in forma pauperis. (Docket No. 2, at 1-2; Docket No. 6, at 1.)  Prior to Petitioner responding to the court, Respondent moved for summary judgment, arguing that this action should be dismissed as time barred and/or because Petitioner's allegations lacked merit. (Docket No. 4, at 1.)

As noted, Petitioner ultimately responded to the court by asserting that he no longer intended to pursue this action. (Docket No. 7.)  Specifically, Petitioner stated "thanks for everything," but "I no longer will be needing your assistance" in this matter. (*Id.*)  In an abundance of caution, the court—again—directed Petitioner to clarify his intentions. (Docket No. 8.) Petitioner did not respond to the court's last order.  In fact, Petitioner has taken no action in this case in fifteen (15) years.

## II. ANALYSIS

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." FED. R. CIV. P. 41(a)(2).  A request for voluntary dismissal is appropriate where the defendant will not be prejudiced by the dismissal. *See LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976) ("[I]n most cases a dismissal should be granted unless the defendant will suffer some legal harm."); *see also* 9 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2362 (3d ed. 2008) ("The

purpose of Federal Rule 41(a) is to permit the plaintiff voluntarily to dismiss the action when no other party will be prejudiced."). In assessing prejudice to the defendant, the Fifth Circuit has identified as an important factor "the stage at which the [voluntary] motion to dismiss is made." *Hartford Accident & Indem. Co. v. Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 360 (5th Cir. 1990).

Here, Petitioner has made clear that his intention is to no longer pursue this action. (Docket No. 7.) Stated another way, Petitioner has expressed no interest in further prosecuting this miscellaneous case.[1] In addition, Respondent has not objected to this action being voluntarily dismissed. Because it appears that Respondent will not be prejudiced, Petitioner's action should be dismissed.[2]

### III. CONCLUSION

---

[1] Here, Petitioner's action could also be subject to dismissal for failure to prosecute. Rule 41(b) provides that an action may be involuntarily dismissed where a party "fails to prosecute or to comply with these rules or a court order." FED. R. CIV. P. 41(b). Such a dismissal may be made upon motion by the opposing party or on the court's own motion. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). While a court should be "appropriately lenient" with a party who is proceeding pro se, the "'right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). As noted, Petitioner has failed to respond to a court order, and otherwise failed to take any action in this case in fifteen (15) years. *Martin v. Pearson*, 405 F. App'x 859, 860 (5th Cir. 2010) (affirming District Court's dismissal of a § 2241 habeas action where the petitioner failed to pay the $5 filing fee and failed to comply with the court's orders).

[2] Voluntary dismissals under Rule 41(a) are typically "without prejudice." *See* FED. R. CIV. P. 41(a)(1) and (2). The statute of limitations for a § 2254 habeas corpus motion is governed by the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, which establishes a one-year limitation period that typically runs from the date on which the judgment of conviction becomes final. *See* 28 U.S.C. § 2244(d)(1). Here, Petitioner would be unable to re-file his proposed § 2254 habeas action because it appears it would be time barred. Notwithstanding this result, dismissal is appropriate since it reflects Petitioner's clear intentions. (*See* Docket No. 7.)

3

For the foregoing reasons, the undersigned respectfully recommends that Petitioner's miscellaneous action be DISMISSED without prejudice. It is further recommended that Movant be denied a certificate of appealability as unnecessary.[3]

## NOTICE TO THE PARTIES

The Clerk shall send copies of this Report and Recommendation to counsel for the parties, who have fourteen (14) days after receipt thereof to file written objections pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in this Report and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

DONE at McAllen, Texas on November 17, 2023.

Nadia S. Medrano
UNITED STATES MAGISTRATE JUDGE

---

[3] Because the dismissal of this action does not address the merits of his potential § 2254 habeas claims, it is not subject to the COA requirement. *See Harbison v. Bell*, 556 U.S. 180, 183 (2009) (A COA is required for "final orders that *dispose of the merits* of a habeas corpus proceeding—a proceeding challenging the lawfulness of the petitioner's detention.") (emphasis added).